OPINION *Page 2 
{¶ 1} Defendant-appellant Craig R. Sidwell appeals his sentence entered by the Ashland County Court of Common Pleas following his plea of guilty to one count of non-support of dependents, a fifth degree felony. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On January 25, 2007, the Ashland County Court of Common Pleas sentenced Appellant to a maximum term of one year incarceration following his plea of guilty to one count of non-support of dependants, a fifth degree felony.
 {¶ 3} Appellant now appeals, assigning as error:
 {¶ 4} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 {¶ 5} In State v. Foster (2006), 109 Ohio St.3d 1, the Ohio Supreme Court held trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences.
 {¶ 6} An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 7} In State v. Mathis 109 Ohio st.3d 1, 2006-Ohio-856, the Supreme Court held:
 {¶ 8} "As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, *Page 3 
the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures."
 {¶ 9} "* * *
 {¶ 10} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 11} Section 2929.12 provides:
 {¶ 12} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 13} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as *Page 4 
indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 14} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 15} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 16} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 17} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 18} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 19} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 20} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 21} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 22} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender *Page 5 
or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 {¶ 23} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 24} "(1) The victim induced or facilitated the offense.
 {¶ 25} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 26} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 27} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 28} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 29} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141
of the Revised Code. *Page 6 
 {¶ 30} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 31} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 32} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 33} "(5) The offender shows no genuine remorse for the offense.
 {¶ 34} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 35} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 36} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 37} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 38} "(4) The offense was committed under circumstances not likely to recur. *Page 7 
 {¶ 39} "(5) The offender shows genuine remorse for the offense."
 {¶ 40} Revised Code Section 2929.13(A), cited by Appellant states:
 {¶ 41} "(A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections2929.14 to 2929.18 of the Revised Code. The sentence shall not impose anunnecessary burden on state or local government resources " (emphasis added).
 {¶ 42} At the January 25, 2007, the trial court stated:
 {¶ 43} "The Court: All right. Well, Mr. Sidwell, when I sentence, I have to do so in accordance with Ohio law, which means I have to achieve the purposes and principles of the felony sentencing law, and there are two purposes and principles. This is different from when you were charged before with — with felonies because the law has changed with regard to sentencing in — in some respects.
 {¶ 44} "I have to sentence in a way that appropriately punishes you for your conduct. I also have to protect the public from future crime committed not only by yourself, but by others.
 {¶ 45} "I have to always consider the need for incapacitation, deterrence, rehabilitation and restitution.
 {¶ 46} "I have to fashion a sentence which is commensurate with, meaning equal to, equating to the seriousness of the offense and its impact on the victim, and my sentence has to be similar to similar sentences for similar crimes committed by similar offenders. *Page 8 
 {¶ 47} "I cannot base a sentence on race, ethnicity, gender or religion.
 {¶ 48} "Now, when it comes to child support, non-support cases, the Court looks at the seriousness of the offense, and this offense is serious, Mr. Sidwell. Your children have had to go without the support that they deserved and undoubtedly needed while they have been growing up, and I don't even know if you completely understand what that means, because I don't know how much contact you've had with your kids, but they've gone without, I can guarantee you in one way or another, and I can guarantee that has made their lives more dis — difficult.
 {¶ 49} "The seriousness is also compounded by the fact that this is a family crime, you victimized your own children, and that's very serious to the Court.
 {¶ 50} "The next thing I look at is the likelihood that you will re-offend. In my opinion, it's highly likely that you will re-offend, especially with regard to the nature of this offense, and that is for a couple reasons, not so much because of a robbery many, many years ago, but because of a prior felony non-support. This is your second time around. Also, because you have had numerous contempt citations. You've been through the civil side of child support. You've been incarcerated on civil contempts with regard to nonpayment. It has made no difference whatsoever in your behavior or your — your taking responsibility for the payment of child support.
 {¶ 51} "Based upon all the factors I've reviewed in this P.S.I., I am finding, Mr. Sidwell, that you are not amenable to community control sanctions.
 {¶ 52} "I am ordering a prison sanction of 12 months in a penal institution operated by the State of Ohio.
 {¶ 53} "I am granting you credit for all time served in this case." *Page 9 
 {¶ 54} The trial court properly considered the statutory factors in sentencing Appellant, and the prison term imposed was not unreasonable, arbitrary or unconscionable. Considering Appellant's prior convictions, including felony non-support, we do not find the sentence imposed an unnecessary burden on state or local government resources. Accordingly, Appellant's sentence in the Ashland County Court of Common Pleas is affirmed.
 Hoffman, P.J., Farmer, J., and Delaney, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's sentence in the Ashland County Court of Common Pleas is affirmed. Costs to Appellant. *Page 1